IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

BERNARD OLUWASHENU ADEKOJE,   )
                               )
            Petitioner,        )
                               )
v.                             )      Civ. A. No. 04-1270-KAJ
                               )      Cr. A. No. 02-139-KAJ
                               )
UNITED STATES OF AMERICA,      )
                               )
            Respondent.        )

## MEMORANDUM ORDER

I.    INTRODUCTION

Petitioner Bernard Oluwashenu Adekoje ("Adekoje") filed a motion to vacate, set

aside, or correct sentence pursuant to 28 U.S.C. § 2255. (D.I. 38)  The Government

filed its answer in opposition, and Adekoje filed a reply brief.  (D.I. 44; D.I. 45)  For the

reasons discussed, I will deny Adekoje's § 2255 motion without holding an evidentiary

hearing.

II.   PROCEDURAL AND FACTUAL BACKGROUND

In December 2002, a federal grand jury returned a three count indictment

charging Adekoje with two counts of bank fraud in violation of 18 U.S.C. § 1344 and

one count of conspiracy to commit bank fraud and identity theft in violation of 18 U.S.C.

§ 371.  On April 8, 2003, Adekoje pled guilty to count two, the conspiracy count.  I

sentenced Adekoje to 30 months imprisonment on September 16, 2003, and his

judgment of conviction was entered on September 17, 2003.  Adekoje did not file a

direct appeal.  Instead, Adekoje filed the pending § 2255 motion on September 15,

2004.  (D.I. 38)

III.    DISCUSSION

The relief sought under 28 U.S.C. § 2255 is reserved for extraordinary

circumstances.  *See Brecht v. Abrahamson,* 507 U.S. 619 (1993).  Section 2255

provides, in relevant part:

> A prisoner in custody under sentence of a [federal] court . . . claiming the right to
> be released upon the ground that the sentence was imposed in violation of the
> Constitution or laws of the Untied States, or that the court was without jurisdiction
> to impose such sentence, or that the sentence was in excess of the maximum
> authorized by law or is otherwise subject to collateral attack, may move the court
> which imposed the sentence to vacate, set aside or correct the sentence.

Although § 2255 includes a provision for a prompt evidentiary hearing, a federal court

may deny a § 2255 motion without holding an evidentiary hearing, if the "motion and the

files and records of the case conclusively show" that the petitioner is not entitled to

relief.  28 U.S.C. § 2255;  *see also United States v. Booth,* 432 F.3d 542, 545-46 (3d

Cir. 2005);  *United States v. McCoy,* 410 F.3d 124, 131 (3d Cir. 2005);  Rule 8(a), 28

U.S.C. foll. § 2255.

The sole claim in Adekoje's timely filed § 2255 motion asserts that I enhanced

his sentence on judicially determined facts in violation of *Blakely v. Washington*, 542

U.S. 296 (2004).[1]  Specifically, Adekoje contends that the enhancements were illegal

_____

[1]The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a
one-year period of limitation on the filing of a § 2255 motion by federal prisoners.  *See*
28 U.S.C. § 2255; *Miller v. New Jersey State Dep't of Corrs.,* 145 F.3d 616, 619 n.1 (3d
Cir. 1998).  Adekoje did not appeal his conviction, therefore, AEDPA's one-year filing
period began to run on October 2, 2003, the day after the [10 day period] for filing such
an appeal expired.  *See Kapral v. United States*, 166 F.3d 565, 577 (3d Cir. 1999); Fed.

because neither the indictment nor his plea agreement specified the amount of loss, the

number of victims, or Adekoje's role in the offense, and Adekoje did not stipulate to any

of those facts during his plea colloquy.  Although Adekoje cites *Blakely* as the relevant

authority, the issue he raises challenges my application of the federal sentencing

guidelines and is more appropriately raised pursuant to *United States v. Booker,* 543

U.S. 220 (2005).   *See Lloyd v. United States*, 407 F.3d 608, 611 (3d Cir. 2005).

Therefore, I will review the claim pursuant to *Booker.*

The United States Court of Appeals for the Third Circuit has held that "*Booker*

does not apply retroactively to initial motions under § 2255 where the judgment was

final as of January 12, 2005, the date *Booker* was issued." *Lloyd*, 407 F.3d at 616.

Here, the record conclusively shows that Adekoje's judgment of conviction became final

on October 1, 2003,[2] well before the *Booker* decision was issued.  Accordingly, I will

deny Adekoje's § 2255 motion without an evidentiary hearing because the principles

announced in *Booker* do not apply retroactively to Adekoje's case.

---

R. App. P. 4(b)(1)(A)(imposing a 10 day period in which to file a timely notice of appeal);  Fed. R. App. P.  26(a)(excluding Saturdays and Sundays when the time-period is less than 11 days); *see Wilson v. Beard*, 426 F.3d 653, 662-63 (3d Cir. 2005) (holding that Fed. R. Civ. P. 6(a) applies to AEDPA's limitations period).  Thus, Adekoje timely filed his § 2255 motion on September 15, 2004.

[2]Adekoje's judgment of conviction was entered on September 17, 2003, and he did not file a direct appeal.  Therefore, his judgment of conviction became final on October 1, 2003.  *See Kapral v. United States*, 166 F.3d 565, 577 (3d Cir. 1999)(where the defendant does not file a timely direct appeal, his conviction and sentence become final on the date on which the time for filing such an appeal expired);  Fed. R. App. P. 4(b)(1) (in a criminal case, a defendant must file a notice of appeal within 10 days after the entry of judgment);  Fed. R. App. P. 26 (computation of time-period).

IV.    CONCLUSION

For the reasons stated, I will dismiss Adekoje's 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence.  Additionally, I will not issue a certificate of appealability because Adekoje's § 2255 motion fails to assert a constitutional claim that can be redressed, and reasonable jurists would not find this assessment debatable. *See* 28 U.S.C. § 2253(c)(2)(A certificate of appealability is appropriate only if the petitioner "has made a substantial showing of the denial of a constitutional right."); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); Fed. R. App. P. 22; Local App. R. 22.2.  I shall issue an appropriate order.

Accordingly, IT IS HEREBY ORDERED THAT:

1.  Petitioner Bernard Oluwashenu Adekoje's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 is DISMISSED, and the relief requested therein is DENIED.  (D.I. 38)

2.  I decline to issue a certificate of appealability for failure to satisfy the standard set forth in 28 U.S.C. § 2253(c)(2).

UNITED STATES DISTRICT JUDGE

Wilmington, Delaware
December 5, 2006

4